UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| REBECCA LYNN HUTSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-29-DCP |
| | ) | |
| ANDREW M. SAUL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 19]. Now before the Court are Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 20 & 21] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 22 & 23]. Rebecca Lynn Hutsell ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Andrew M. Saul ("the Commissioner"). For the reasons that follow, the Court will **GRANT** Plaintiff's motion and **DENY** the Commissioner's motion.

**I. PROCEDURAL HISTORY**

On June 12, 2014, Plaintiff filed an application for supplemental security income benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, claiming a period of disability that began on April 1, 2008. [Tr. 11, 58]. After her application was denied initially and

---

[1] Andrew M. Saul was sworn in as the Commissioner of Social Security on June 17, 2019, during the pendency of this case. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the Defendant in this case.

upon reconsideration, Plaintiff requested a hearing before an ALJ. [Tr. 90–92]. A hearing was held on December 22, 2016. [Tr. 25–45]. On January 11, 2017, the ALJ found that Plaintiff was not disabled. [Tr. 11–20]. The Appeals Council denied Plaintiff's request for review on December 4, 2017 [Tr. 1–5], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on January 24, 2018, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant has not engaged in substantial gainful activity since June 12, 2014, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: chronic low back pain; depressive disorder; and posttraumatic stress disorder (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. She required a sit/stand option and the ability to change positions every ½-hour and no interaction with the general public.
>
> 5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on January 29, 1976 and was 38 years old, which is defined as a younger individual age 18–49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since June 12, 2014, the date the application was filed (20 CFR 416.920(g)).

[Tr. 13–19].

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different

conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## IV. DISABILITY ELIGIBILITY

"Disability" is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). A claimant will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§§ 423(d)(2)(A) and 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

4

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. §§ 404.1520(a)(4), -(e) and 416.920(a)(4), -(e). An RFC is the most a claimant can do despite her limitations. §§ 404.1545(a)(1) and 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

V. **ANALYSIS**

Plaintiff asserts that the ALJ's RFC determination is not supported by substantial evidence because the ALJ did not assign proper weight to the opinion of her treating physician, Dewayne Darby, M.D. [Doc. 21 at 8–12]. Plaintiff alleges that the ALJ failed to provide good reasons for affording little weight to the opinion. [*Id.*]. Plaintiff also claims that "the ALJ fail[ed] to fully develop and address Plaintiff's mental health treatment" in the disability decision. [*Id.* at 14]. The

Court will address Plaintiff's specific allegations of error in turn.

### A. Treatment of Dr. Darby's Opinion

Plaintiff claims that the ALJ failed to properly weigh Dr. Darby's opinion in accordance with the treating physician rule. First, Plaintiff alleges that "the treating physician rule was completely ignored and the opinion of Dr. Darby was summarily rejected." [*Id.* at 14]. Further, Plaintiff claims that "the ALJ did not make a 'controlling weight' analysis [,] nor did the ALJ properly weigh[ ] the treating physician's opinions after presumably finding the treating physicians' opinions were not controlling." [*Id.* at 15].

The Commissioner maintains that the ALJ properly found that Dr. Darby's opinion was inconsistent with his treatment notes. [Doc. 23 at 16–18]. Additionally, the Commissioner asserts that although the ALJ did not engage in a controlling weight analysis, he indirectly explained why the opinion was not entitled to controlling weight by providing "good reasons" for assigning little weight to the opinion. [*Id.* at 15–16].

Plaintiff began treatment with Dr. Darby and Healthstar Physicians, PC, on February 25, 2014. [Tr. 1184]. Initial treatment notes reflect that Plaintiff's back was tender across her lumbar area, as well as assessed the degeneration of her lumbar intervertebral disc. [Tr. 1182]. Dr. Darby noted that Plaintiff reported no improvement after multiple epidural steroid injections and physical therapy, as well as that her previous neurosurgeon had planned surgery. [*Id.*]. Plaintiff continued to see Dr. Darby on a regular basis, including on May 28, 2014 [Tr. 1177], September 11, 2014 [Tr. 1169], November 20, 2014 [Tr. 1166], December 17, 2014 [Tr. 1161], May 27, 2015 [Tr. 1158], August 13, 2015 [Tr. 1154], November 12, 2015 [Tr. 1151], May 2, 2016 [Tr. 1147], and November 1, 2016 [Tr. 1144].

Dr. Darby completed a Medical Source Statement on August 13, 2015. [Tr. 886–90]. In this opinion, Dr. Darby noted that he had treated Plaintiff for eighteen months, and diagnosed lumbar disc disease, low back pain, high blood pressure, chronic pain, anxiety, and depression. [Tr. 886]. As a result of these diagnoses, Dr. Darby stated that Plaintiff's symptoms include severe low back pain and sciatica to the right ankle area. [*Id.*].

Accordingly, Dr. Darby opined that Plaintiff could occasionally lift less than five pounds in a competitive work environment, but that she could rarely lift more than five pounds. [Tr. 887]. Similarly, Dr. Darby found that Plaintiff could rarely carry more than five pounds. [*Id.*]. Dr. Darby opined that Plaintiff could not walk one city block or more without rest or severe pain, and that she had problems with stooping, crouching, and bending, but that she did not have problems with balance when ambulating and was able to climb steps without the use of a handrail. [*Id.*]. Further, Dr. Darby opined that Plaintiff required constant rest periods, and that she would be required to lie down or recline every thirty minutes. [*Id.*]. Dr. Darby found that Plaintiff could sit about one hour in an eight-hour workday, and that she could stand and walk for less than one hour in an eight-hour workday. [Tr. 888]. Dr. Darby also opined that Plaintiff would have to take unscheduled fifteen-minute breaks every thirty minutes. [*Id.*]. Lastly, Dr. Darby found that Plaintiff would be off-task more than thirty percent of an eight-hour day, would likely be absent from work five days or more per month, and that she would be unable to complete five or more workdays during a month. [Tr. 889].

In the disability decision, the ALJ stated that Dr. Darby opined that Plaintiff "could occasionally lift more than five pounds, rarely carry [more] than five pounds, walk less than one block, and stand for up to 30 minutes before [s]he required a position change, [and] rest eight hours

7

during an eight-hour workday." [Tr. 18].[2] The ALJ assigned little weight to the opinion, and noted that it was inconsistent with Dr. Darby's treatment notes. [*Id.*]. Earlier in the decision, the ALJ generally cited to Plaintiff's treatment records with Dr. Darby to note that "[a] more recent physical examination revealed normal strength and tone, normal movement of all extremities, no cyanosis, or edema and her gait and station were normal." [Tr. 17].

With respect to Plaintiff's chronic low back pain, the ALJ afforded great weight to the opinion of consultative examiner Robert Blaine, M.D. [Tr. 18]. Following a consultative examination on October 1, 2014, Dr. Blaine noted that Plaintiff did not use an assistive device, and could get on and off of the examining table without difficulty. [Tr. 323]. Dr. Blaine assessed that Plaintiff's flexion of the cervical spine was normal, with extension to fifteen degrees, lateral rotation to sixty degrees to either side, and lateral flexion to thirty degrees to either side. [*Id.*]. Plaintiff's gait and station, tandem walk, and heel and toe walking were all normal. [Tr. 324].

Accordingly, Dr. Blaine opined that Plaintiff could stand or walk for five or six hours in an eight-hour workday, as well as that she could sit for eight hours, with reasonable rest breaks. [*Id.*]. Further, Dr. Blaine found that Plaintiff could lift and carry ten pounds frequently and forty pounds infrequently. [*Id.*]. In the disability decision, the ALJ found that Dr. Blaine's opinion was consistent with "the medical evidence of record, examination findings," and Plaintiff's reported daily activities. [Tr. 18].

Under the Social Security Act and its implementing regulations, if a treating physician's opinion as to the nature and severity of an impairment is (1) well-supported by medically

---

[2] The Court notes that the ALJ mistakenly referred to Dr. Darby as "Darby Dewayne, M.D." in the disability decision.

acceptable clinical and laboratory diagnostic techniques and (2) is not inconsistent with the other substantial evidence in the case record, it must be given "controlling weight." 20 C.F.R. §§ 404.1527(c); 416.927(c)(2).[3] When an opinion does not garner controlling weight, the appropriate weight to be given to the opinion will be determined based upon the length of treatment, frequency of examinations, nature and extent of the treatment relationship, amount of relevant evidence that supports the opinion, the opinion's consistency with the record as a whole, the specialization of the source, and other factors which tend to support or contradict the opinion. *Id.*

The ALJ is not required to explain how he considered each of these factors, but must nonetheless give "good reasons" for giving a treating physician's opinion less than controlling weight. *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011); *see also Morr v. Comm'r of Soc. Sec.*, 616 F. App'x 210, 211 (6th Cir. 2015) (holding "good reasons" must be provided "that are sufficiently specific to make clear to any subsequent reviewers the weight given to the treating physician's opinion and the reasons for that weight") (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2) & 416.927(c)(2)).

A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to

---

[3] The treating physician rule has been abrogated as to claims filed on or after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c; 416.920c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from your medical sources."); see also *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5852–57 (Jan. 18, 2017). The new regulations eliminate the term "treating source," as well as what is customarily known as the treating physician rule. As Plaintiff's application was filed before March 27, 2017, the treating physician rule applies. *See id.* §§ 404.1527; 416.927.

the treating source's medical opinion and the reasons for the weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (July 2, 1996).

Here, the ALJ did not engage in the "two-step" evaluation process required for evaluating the opinion of Plaintiff's treating physician—Dr. Darby. *See Cadle v. Comm'r of Soc. Sec.*, No. 5:12-CV-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). The ALJ failed to first determine whether Dr. Darby's opinion was entitled to controlling weight by considering whether his opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(2)). In *Gayheart*, the Sixth Circuit explained that although "the ALJ provided a modicum of reasoning" for assigning little weight to a treating source's opinion, these reasons were relevant to how the "opinions should be weighed *after* determining they were not controlling." *Id.* at 377. As this District has explained:

> Thus, in light of Sixth Circuit jurisprudence, the Court finds that the regulations require an ALJ to first articulate whether, and why, a treating source's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, *i.e.*, the controlling-weight test, and, second, to the extent the treating source's opinion is not entitled to controlling weight, the ALJ must then weigh the regulations' balancing factors—the length of the treatment relationship and the frequency of the examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, the specialization of the source, and any other factors which tend to support or contradict the opinion—to determine the amount of weight the opinion deserves.

*Klusmeier v. Berryhill*, No. 3:16-cv-039, 2017 WL 1066641, at *6 (E.D. Tenn. Mar. 21, 2017).

In the disability decision, the ALJ "shortcut the process," as the ALJ "did not explain whether [Dr. Darby's] opinion was entitled to controlling weight or give any indication that it was

10

first assessed for controlling weight before moving into the regulatory balancing factors." *Id.* The ALJ did not detail whether Plaintiff's treating physician's opinion was supported by medically acceptable techniques or inconsistent with other substantial evidence. *See Hall v. Comm'r of Soc. Sec.*, No. 3:16-cv-171, 2017 WL 3574811, at *4 (S.D. Ohio Aug. 18, 2017) (collecting cases to find that "[t]he lack of an explanation of the controlling weight analysis is reversible error"). Rather, the ALJ solely stated that he assigned little weight to Dr. Darby's opinion because it was inconsistent with his own treatment notes. [Tr. 18]. Similar to *Gayheart*, although the ALJ stated internal inconsistencies existed between Dr. Darby's opinion and his treatment notes, this factor is properly applied only after the ALJ determined that Dr. Darby's opinion was not entitled to controlling weight. *See* 710 F.3d at 376.

Ultimately, the failure to properly examine whether a treating physician's opinion is entitled to controlling weight, and not providing "good reasons" for the weight assigned to the opinion, hinders a meaningful review of whether the ALJ properly applied the treating physician rule. *See Gayheart*, 710 F.3d at 377. While the Sixth Circuit has instructed that courts should not hesitate to remand a case when an ALJ fails to adhere to the treating physician rule, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004), remand is not necessary if the violation of the "good reason" rule is harmless. *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011). Error is harmless when:

> (1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of [20 C.F.R. § 416.967(c)(2)]. . . even though she has not complied with the terms of the regulation.

*Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (citation omitted). "In the last of these circumstances, the procedural protections at the heart of the rule may be met when the

11

'supportability' of a doctor's opinion, or its consistency with other evidence in the record, is indirectly attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments." *Id.* (citing *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470–72 (6th Cir. 2006)).

Accordingly, the Court finds that the first two potential exceptions are not applicable. However, the Commissioner maintains that "although the ALJ did not engage in a 'controlling weight' analysis, he did provide 'good reasons' for giving little weight to Dr. Darby's opinion." [Doc. 23 at 16]. The Commissioner subsequently points to the ALJ's lone citation to Dr. Darby's treatment notes, as well as cites to other internal inconsistencies between Plaintiff's treatment records and Dr. Darby's opinion. [*Id.*].

While the ALJ briefly discussed the results of one of Plaintiff's examinations with Dr. Darby, which the Commissioner claims identifies inconsistencies with Dr. Darby's opinion, the Court cannot find that the goal of the treating physician rule was met in the ALJ's decision. The Sixth Circuit recently expanded on *Gayheart* in *Shields v. Commissioner of Social Security*, 732 F. App'x 430 (6th Cir. 2018), and discussed when an ALJ's failure to satisfy the good reasons requirement under the treating physician rule was not harmless. The Sixth Circuit in *Shields* clarified that a treating physician's opinion "should have been accorded controlling weight absent (1) sufficiently specific reasons for discounting it and (2) a precise explanation of how those reasons lead to that conclusion." *Id.* at 438. "Moreover, even were such a conclusion properly reached, [the treating physician's] opinion was 'still entitled to deference and [ought to have] be[en] weighed using all of the factors provided in 20 [C.F.R. §§] 404.1527 and 416.927[,]' i.e., the *Wilson* factors." *Id.* Lastly, the Sixth Circuit found that the ALJ's "terse analysis" did not explain why the treating physician's opinion was not accorded controlling weight, as well as that

12

the ALJ failed to balance the "*Wilson* factors . . . to satisfy the second prong of the treating physician rule." *Id.* at 439.

In the present case, the Court finds that the ALJ underwent a similar "terse analysis" of the opinion of Plaintiff's treating physician, analogous to the Sixth Circuit's recent holding in *Shields*. *Id.* Ultimately, the Court cannot hold that the ALJ complied with the goals of the treating physician rule when the ALJ briefly reviewed the opinion and failed to even acknowledge Dr. Darby's treating relationship with Plaintiff, a regulatory factor that the ALJ is required to consider under 20 C.F.R. § 416.927(c)(2). *See, e.g.*, *May v. Berryhill*, No. 4:18-CV-00073-HBB, 2019 WL 1331752, at *6 (W.D. Ky. Mar. 25, 2019) ("The ALJ did not acknowledge Dr. Clark as a treating physician or discuss the length and frequency of her treatment relationship with May."); *Cummings v. Comm'r of Soc. Sec.*, No. 3:11-CV-614, 2013 WL 1192817, at *5–6 (E.D. Tenn. Mar. 22, 2013) (reasoning it could not be found that the ALJ "implicitly" discussed the relevant factors of the length of treatment relationship and the frequency of examination, as although the ALJ summarized the dates of treatment, "there is no indication that the ALJ considered those factors in determining what weight" to give to the opinion).

Rather, the ALJ solely based his assignment of little weight to Dr. Darby's opinion upon inconsistencies with Plaintiff's treatment notes, but failed to expand upon this citation when discussing Dr. Darby's opinion. *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010) ("Put simply, it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record; there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick."). In addition to the ALJ's failure to comply with the appropriate controlling weight analysis, the Court also finds that the ALJ failed to properly weigh the appropriate factors set forth in 20 C.F.R. §§

13

404.1527 and 416.927 and provide good reasons for the weight assigned to Dr. Darby's opinion. *See Shields*, 732 F. App'x at 439–40 ("Nor did the ALJ consider, as he was required to do, the length of Lohman's treatment relationship with Shields, the frequency of his examinations, the nature and extent of the treatment relationship, the consistency of the opinion with the record as a whole, or Lohman's specialization . . . Instead, he dismissed Lohman's opinion solely due to its perceived incompatibility with a single piece of evidence. *Friend* makes clear that such reasoning will not do.").

Although the Commissioner extensively reviews Plaintiff's treatment records with Dr. Darby and identifies subsequent alleged inconsistencies with Dr. Darby's opinion in his brief, the Court cannot engage in post-hoc rationalizations in support of the ALJ's decision. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004) ("A court cannot excuse the denial of a mandatory procedural requirement protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion . . . .") (internal citations omitted); *Schroeder v. Comm'r of Soc. Sec.*, No. 11–14778, 2013 WL 1316748, at *13 (E.D. Mich. Mar. 1, 2013) (finding the Commissioner's "post hoc rationalization" is not an acceptable substitute for the ALJ's failure to adequately evaluate the medical evidence), *report and recommendation adopted by*, 2013 WL 1294127 (E.D. Mich. Mar. 29, 2013). The ALJ's failure to adequately explain the reasons for the weight given to a treating physician's opinion "*denotes a lack of substantial evidence*, even where the conclusion of the ALJ may be justified based upon the record." *Blakley v. Comm'r of Social Sec.,* 581 F.3d 399, 407 (6th Cir. 2009) (emphasis in the original) (quoting *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 243 (6th Cir. 2007)).

Therefore, the ALJ did not meet the goal of the treating physician rule, and the ALJ's failure to provide good reasons for the weight assigned to Dr. Darby's opinion was not harmless error. *See Cole v. Astrue,* 661 F.3d 931, 939 (6th Cir. 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.'") (citing *Hensley v. Astrue,* 573 F.3d 263, 267 (6th Cir. 2009)). Plaintiff's allegation of error thus constitutes a basis for remand.

B.      **Plaintiff's Remaining Claims**

Plaintiff briefly asserts that the ALJ failed to fully address her mental health treatment with Peninsula Behavioral Health in the disability decision. [Doc. 21 at 4–5, 14]. Plaintiff testified that she struggles with depression and anxiety, and that she attends counseling every two weeks, as much as her transportation will allow. [*Id.* at 4]. However, Plaintiff alleges that the ALJ failed to consider potential issues with absences or tardiness, and improperly concluded that her mental health issues were "situational in nature" despite her nearly five years of mental health treatment. [*Id.* at 5]; *see* [Tr. 17]. Accordingly, Plaintiff asserts that "[t]he ALJ failed to adequately analyze Plaintiff's long-term mental health treatment records as it relates to [her] RFC[,] especially relating to Plaintiff's tendency to isolate herself in order to self-soothe or how that isolation would affect her ability to work." [Doc. 21 at 5].

However, as the Court has already found that Plaintiff's case will be remanded for the reconsideration of her treating physician's opinion, in the interest of judicial economy, the Court declines to address Plaintiff's claim that the ALJ failed to adequately consider her mental health treatment. On remand, the ALJ should appropriately consider Plaintiff's mental health treatment

including the outpatient program at Peninsula Behavioral Health and the alleged additional "stressors" to Plaintiff's mental health. [*Id.*].

## V. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment [**Doc. 20**] will be **GRANTED**, and the Commissioner's Motion for Summary Judgment [**Doc. 22**] will be **DENIED**. This case will be **REMANDED** to the SSA for the ALJ to appropriately reconsider the opinion of Plaintiff's treating physician.

ORDER ACCORDINGLY.

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge